**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **INDUSTRIAL PRINT TECHNOLOGIES LLC,** | § | |
| | § | |
| ***Plaintiff and Counterclaim-Defendant,*** | § | **CIVIL ACTION NO. 2:15-CV-25 (JRG)** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **QUAD/GRAPHICS, INC. and HEWLETT-PACKARD COMPANY,** | § | |
| | § | |
| ***Defendants and Counterclaim-Plaintiffs.*** | § | |
| | § | |

**DEFENDANT HEWLETT-PACKARD COMPANY'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO THE PATENT INFRINGEMENT COMPLAINT OF PLAINTIFF INDUSTRIAL PRINT TECHNOLOGIES LLC**

Defendant Hewlett-Packard Company ("HP"), by and through its undersigned counsel, hereby responds to Plaintiff Industrial Print Technologies LLC's ("IPT's") Amended Complaint ("Complaint") as follows:

## ANSWER

### NATURE OF THE ACTION

HP admits that IPT's Complaint purports to be for patent infringement pursuant to 35 U.S.C. § 271. HP denies that it uses, manufactures, and/or sells high-speed printing presses that process variable data print jobs using methods that infringe the patented technology. HP specifically denies any wrongdoing and denies that the claims against HP have merit. HP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this unnumbered paragraph, and on that basis, denies them.

THE PARTIES

1. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 1 of the Complaint, and, on that basis, denies them.

2. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 2 of the Complaint, and, on that basis, denies them.

3. HP admits that it is a Delaware corporation with a principal place of business in Palo Alto, California. HP admits that it makes, uses, offers to sell, and/or sells printing presses that incorporate variable data processing capabilities throughout the United States. HP admits that it is registered to do business in Texas and has a designated registered agent in Texas for purposes of service of process. HP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3, and on that basis, denies them.

4. Denied.

JURISDICTION AND VENUE

5. HP admits that IPT's Complaint purports to be for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, but denies any wrongdoing or liability on its own behalf. HP admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Except as so expressly admitted, denied.

6. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 7 of the Complaint, and, on that basis, denies them.

7. HP admits that it is subject to the personal jurisdiction of this Court for this lawsuit based on the allegations made by IPT. Except as so expressly admitted, denied.

8. HP is without knowledge or information sufficient to form a belief as to

the truth of the statements in Paragraph 9 of the Complaint, and, on that basis, denies them.

9. HP admits that it uses, promotes, offers to sell, sells, and/or imports high speed industrial-sized inkjet printing presses throughout the United States, including the State of Texas. HP admits that it maintains a sales office in Plano, Texas. HP is without knowledge or information sufficient to form a belief as to the truth of the remaining statements in Paragraph 8 of the Complaint, and, on that basis, denies them.

10. HP admits that under 28 U.S.C. §§ 1391, 1400 this action can be brought in this district, but denies that venue is convenient in this district for this case. HP denies it has committed any acts of infringement. HP denies the remaining allegations in Paragraph 9.

FIRST CAUSE OF ACTION — INFRINGEMENT OF ’665 PATENT

11. HP incorporates by reference its Answer to Paragraphs 1-10.

12. HP admits that a document alleged to be U.S. Patent No. 5,729,665 (the “’665 patent”) was attached as Exhibit A to IPT’s Complaint. HP admits that the ’665 patent states on its face that it issued on March 17, 1998, is entitled “Method of Utilizing Variable Data Fields With a Page Description Language,” and that its named inventor was Forrest P. Gauthier. HP admits that the ’665 patent states on its face that it issued from U.S. patent application Serial Number 08/373,582, filed January 18, 1995. HP is without knowledge or information sufficient to form a belief as to the truth of the remaining statements in Paragraph 11 of the Complaint, and, on that basis, denies them.

13. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 13 of the Complaint, and, on that basis, denies them.

14. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 14 of the Complaint, and, on that basis, denies them.

15. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 15 of the Complaint, and, on that basis, denies them.

16. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 16 of the Complaint, and, on that basis, denies them.

17. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 17 of the Complaint, and, on that basis, denies them.

18. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 18 of the Complaint, and, on that basis, denies them.

19. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 19 of the Complaint, and, on that basis, denies them.

20. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 20 of the Complaint, and, on that basis, denies them.

21. HP admits that is has made, used, had made, sold, offered to sell, and/or imported, and continues to make, use, have made, sell, offer to sell, and/or import variable data enabled high-speed printing presses. HP denies that its actions constitute infringement of any claim of the ’665 patent in violation of 35 U.S.C. § 271(a). HP specifically denies any wrongdoing and denies that the claims against HP have merit. HP is without knowledge or information sufficient to form a belief as to the truth of the remaining statements of Paragraph 21 of the Complaint, and, on the basis, denies them.

22. HP admits that there were communications between Indigo and Tesseron, Ltd. at least as of March 2005 relating to licensing of patents relating to variable data printing then owned by Tesseron. Except as so expressly admitted, denied.

23. HP admits that the ’665 patent was cited as prior art against and listed on

the cover page of U.S. Patent No. 6,094,278, assigned to HP, and that an HP in-house patent attorney is listed as the attorney of record of the face of that patent. HP admits that, after IPT initiated litigation against HP and its customers with respect to patents related to variable data printing, HP's counsel obtained knowledge of the '665 patent. HP is without knowledge or information sufficient to form a belief as to the truth of the remaining statements of Paragraph 23 of the Complaint, and, on the basis, denies them.

24. HP admits that it has received service of the Complaint. Except as expressly admitted, denied.

25. HP admits that it has supplied, offered for sale, and/or sold certain of its Inkjet Web Presses and/or its Indigo Digital Presses to Quad/Graphics and other HP customers. HP denies that its actions constitute inducing infringement pursuant to 35 U.S.C. § 271(b). HP specifically denies any wrongdoing and denies that the claims against HP have merit. Except as expressly admitted, denied.

26. Denied.

27. Denied.

28. Denied.

SECOND CAUSE OF ACTION — INFRINGEMENT OF '153 PATENT

29. HP incorporates by reference its Answer to Paragraphs 1-28.

30. HP admits that a document alleged to be U.S. Patent No. 5,937,153 (the "'153 patent") was attached as Exhibit B to IPT's Complaint. HP admits that the '153 patent states on its face that it issued on August 10, 1999, is entitled "Method of Utilizing Variable Data Fields With a Page Description Language," and that its named inventor was Forrest P. Gauthier. HP admits that the '153 patent states on its face that it issued from U.S. patent application Serial

Number 08/896,899, filed July 18, 1997, and that it is a continuation-in-part of application No. 08/373,582. HP is without knowledge or information sufficient to form a belief as to the truth of the remaining statements in Paragraph 30 of the Complaint, and, on that basis, denies them.

31. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 31 of the Complaint, and, on that basis, denies them.

32. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 32 of the Complaint, and, on that basis, denies them.

33. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 33 of the Complaint, and, on that basis, denies them.

34. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 34 of the Complaint, and, on that basis, denies them.

35. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 35 of the Complaint, and, on that basis, denies them.

36. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 36 of the Complaint, and, on that basis, denies them.

37. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 37 of the Complaint, and, on that basis, denies them.

38. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 38 of the Complaint, and, on that basis, denies them.

39. HP admits that is has made, used, had made, sold, offered to sell, and/or imported, and continues to make, use, have made, sell, offer to sell, and/or import variable data enabled high-speed printing presses. HP denies that its actions constitute infringement of any claim of the ’153 patent in violation of 35 U.S.C. § 271(a). HP specifically denies any

wrongdoing and denies that the claims against HP have merit. HP is without knowledge or information sufficient to form a belief as to the truth of the remaining statements of Paragraph 39 of the Complaint, and, on the basis, denies them.

40. HP admits that there were communications between Indigo and Tesseron, Ltd. at least as of March 2005 relating to licensing of patents relating to variable data printing then owned by Tesseron. HP admits that, after IPT initiated litigation against HP and its customers with respect to patents related to variable data printing, HP's counsel obtained knowledge of the '153 patent. Except as so expressly admitted, denied.

41. HP admits that it has received service of the Complaint. Except as expressly admitted, denied.

42. HP admits that it has supplied, offered for sale, and/or sold certain of its Inkjet Web Presses and/or its Indigo Digital Presses to Quad/Graphics and other HP customers. HP denies that its actions constitute inducing infringement pursuant to 35 U.S.C. § 271(b). HP specifically denies any wrongdoing and denies that the claims against HP have merit. Except as expressly admitted, denied.

43. Denied.

44. Denied.

45. Denied.

THIRD CAUSE OF ACTION — INFRINGEMENT OF '479 PATENT

46. HP incorporates by reference its Answer to Paragraphs 1-45.

47. HP admits that a document alleged to be U.S. Patent No. 7,274,479 (the "'479 patent") was attached as Exhibit C to IPT's Complaint. HP admits that the '479 patent states on its face that it issued on September 25, 2007, is entitled "Method of Utilizing Variable

Data Fields With a Page Description Language," and that its named inventor was Forrest P. Gauthier. HP admits that the '479 patent states on its face that it issued from U.S. patent application Serial Number 10/707,955, filed January 28, 2004, and that it is a continuation of application 10/090,074. HP is without knowledge or information sufficient to form a belief as to the truth of the remaining statements in Paragraph 47 of the Complaint, and, on that basis, denies them.

48. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 48 of the Complaint, and, on that basis, denies them.

49. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 49 of the Complaint, and, on that basis, denies them. \

50. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 50 of the Complaint, and, on that basis, denies them.

51. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 51 of the Complaint, and, on that basis, denies them.

52. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 52 of the Complaint, and, on that basis, denies them.

53. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 53 of the Complaint, and, on that basis, denies them.

54. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 54 of the Complaint, and, on that basis, denies them.

55. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 55 of the Complaint, and, on that basis, denies them.

56. HP admits that is has made, used, had made, sold, offered to sell, and/or

imported, and continues to make, use, have made, sell, offer to sell, and/or import variable data enabled high-speed printing presses. HP denies that its actions constitute infringement of any claim of the ’479 patent in violation of 35 U.S.C. § 271(a). HP specifically denies any wrongdoing and denies that the claims against HP have merit. HP is without knowledge or information sufficient to form a belief as to the truth of the remaining statements of Paragraph 56 of the Complaint, and, on the basis, denies them.

57. HP admits that, after IPT initiated litigation against HP and its customers with respect to patents related to variable data printing, HP’s counsel obtained knowledge of the ’479 patent. Except as expressly admitted, denied.

58. HP admits that it has received service of the Complaint. Except as expressly admitted, denied.

59. HP admits that it has supplied, offered for sale, and/or sold certain of its Inkjet Web Presses and/or its Indigo Digital Presses to Quad/Graphics and other HP customers. HP denies that its actions constitute inducing infringement pursuant to 35 U.S.C. § 271(b). HP specifically denies any wrongdoing and denies that the claims against HP have merit. Except as expressly admitted, denied.

60. Denied.

61. Denied.

62. Denied.

FOURTH CAUSE OF ACTION — INFRINGEMENT OF ’233 PATENT

63. HP incorporates by reference its Answer to Paragraphs 1-62.

64. HP admits that a document alleged to be U.S. Patent No. 7,333,233 (the “’233 patent”) was attached as Exhibit D to IPT’s Complaint. HP admits that the ’233 patent

states on its face that it issued on February 19, 2008, is entitled "Method of Utilizing Variable Data Fields With a Page Description Language," and that its named inventor was Forrest P. Gauthier. HP admits that the '233 patent states on its face that it issued from U.S. patent application Serial Number 10/707,920, filed January 19, 2008, and that it is a continuation of application No. 10/090,529. HP is without knowledge or information sufficient to form a belief as to the truth of the remaining statements in Paragraph 64 of the Complaint, and, on that basis, denies them.

65. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 65 of the Complaint, and, on that basis, denies them.

66. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 66 of the Complaint, and, on that basis, denies them.

67. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 67 of the Complaint, and, on that basis, denies them.

68. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 68 of the Complaint, and, on that basis, denies them.

69. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 69 of the Complaint, and, on that basis, denies them.

70. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 70 of the Complaint, and, on that basis, denies them.

71. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 71 of the Complaint, and, on that basis, denies them.

72. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 72 of the Complaint, and, on that basis, denies them.

73. HP admits that is has made, used, had made, sold, offered to sell, and/or imported, and continues to make, use, have made, sell, offer to sell, and/or import variable data enabled high-speed printing presses. HP denies that its actions constitute infringement of any claim of the ’233 patent in violation of 35 U.S.C. § 271(a). HP specifically denies any wrongdoing and denies that the claims against HP have merit. HP is without knowledge or information sufficient to form a belief as to the truth of the remaining statements of Paragraph 73 of the Complaint, and, on that basis, denies them.

74. HP admits that, after IPT initiated litigation against HP and its customers with respect to patents related to variable data printing, HP’s counsel obtained knowledge of the ’233 patent. Except as expressly admitted, denied.

75. HP admits that it has received service of the Complaint. Except as expressly admitted, denied.

76. HP admits that it has supplied, offered for sale, and/or sold certain of its Inkjet Web Presses and/or its Indigo Digital Presses to Quad/Graphics and other HP customers. HP denies that its actions constitute inducing infringement pursuant to 35 U.S.C. § 271(b). HP specifically denies any wrongdoing and denies that the claims against HP have merit. Except as expressly admitted, denied.

77. Denied.

78. Denied.

79. Denied.

FIFTH CAUSE OF ACTION – INFRINGEMENT OF ’028 PATENT

80. HP incorporates by reference its Answer to Paragraphs 1-79.

81. HP admits that a document alleged to be U.S. Patent No. 6,381,028 (the "'028 patent") was attached as Exhibit E to IPT's Complaint. HP admits that the '028 patent states on its face that it issued on April 30, 2002, is entitled "Method of Utilizing Variable Data Fields With A Page Description Language," and that its named inventor is Forrest P. Gauthier. HP is without knowledge or information sufficient to form a belief as to the truth of the remaining statements in Paragraph 81 of the Complaint, and, on that basis, denies them.

82. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 82 of the Complaint, and, on that basis, denies them.

83. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 83 of the Complaint, and, on that basis, denies them.

84. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 84 of the Complaint, and, on that basis, denies them.

85. HP admits that a document alleged to be an ex parte reexamination certificate was attached as Exhibit F to IPT's Complaint. HP admits that the ex parte reexamination certificate states on its face that it issued on December 19, 2014. HP is without knowledge or information sufficient to form a belief as to the truth of the remaining statements in Paragraph 85 of the Complaint, and, on that basis, denies them.

86. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 86 of the Complaint, and, on that basis, denies them.

87. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 87 of the Complaint, and, on that basis, denies them.

88. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 88 of the Complaint, and, on that basis, denies them.

89. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 89 of the Complaint, and, on that basis, denies them.

90. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 90 of the Complaint, and, on that basis, denies them.

91. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 91 of the Complaint, and, on that basis, denies them.

92. HP is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 92 of the Complaint, and, on that basis, denies them.

93. HP admits that is has made, used, had made, sold, offered to sell, and/or imported, and continues to make, use, have made, sell, offer to sell, and/or import high speed printing presses. HP denies that its actions constitute infringement of any claim of the ’028 patent in violation of 35 U.S.C. § 271(a). HP specifically denies any wrongdoing and denies that the claims against HP have merit. HP is without knowledge or information sufficient to form a belief as to the truth of the remaining statements of Paragraph 93 of the Complaint, and, on the basis, denies them.

94. HP admits that there were communications between Indigo and Tesseron, Ltd. at least as of September 2002 relating to licensing of patents relating to printing then owned by Tesseron. HP admits that, after IPT initiated litigation with respect to other patents related to variable data printing, HP’s counsel obtained knowledge of the ’028 patent and the reexamination proceedings related to the ’028 patent. Except as expressly admitted, denied.

95. HP admits that it has received service of the Complaint. Except as expressly admitted, denied.

96. HP admits that it has supplied, offered for sale, and/or sold certain of its Inkjet Web Presses to Quad/Graphics and other HP customers. HP denies that its actions constitute inducing infringement pursuant to 35 U.S.C. § 271(b). HP specifically denies any wrongdoing and denies that the claims against HP have merit. Except as expressly admitted, denied.

97. Denied.

98. Denied.

99. Denied.

PRAYER FOR RELIEF

100. HP denies that IPT is entitled to any of the relief sought in its prayer for relief against HP. HP has not directly infringed nor induced infringement of any valid claims of the ’665, ’153, ’479, ’233, or ’028 patents, either literally or by the doctrine of equivalents, willfully or otherwise. IPT is not entitled to recover statutory damages, compensatory damages, enhanced damages, an accounting, injunctive relief, costs, fees, interest, or any other type of recovery from HP. IPT’s prayer should, therefore, be denied in its entirety and with prejudice, and IPT should take nothing.

JURY DEMAND

101. HP also demands a jury trial on all issues so triable.

**AFFIRMATIVE DEFENSES**

HP’s affirmative defenses are alleged below. HP reserves the right to amend its Answer, Affirmative Defenses, and Counterclaims to add additional affirmative defenses.

## I. FAILURE TO STATE A CLAIM

102. The Complaint fails to state a claim upon which relief can be granted.

## II. NON-INFRINGEMENT

103. HP restates its responses set forth above as if separately set forth herein.

104. IPT is not entitled to any relief against HP because HP is not infringing and has not infringed, directly or by inducement, either literally or under the doctrine of equivalents, willfully or otherwise, any valid and asserted claim of the ‘665, ‘153, ‘479, ‘028 or ‘233 patents.

## III. INVALIDITY

105. HP restates its responses set forth above as if separately set forth herein.

106. The claims of the ‘665, ‘153, ‘479, ‘028, and ‘233 patents are invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to Sections 101, 102, 103, and/or 112.

## IV. EQUITABLE DOCTRINES

107. HP restates its responses set forth above as if separately set forth herein.

108. Plaintiff’s claims are barred in whole or in part by equitable doctrines, including laches, estoppel, prosecution history estoppel, disclaimer, and waiver.

## V. LICENSE

109. HP restates its responses set forth above as if separately set forth herein.

110. Upon information and belief, Plaintiff’s claims are barred in whole or in part by prior license.

## VI. DAMAGE LIMITATIONS

111. Any potential recovery by plaintiff is limited by various damages limitations, including, without limitation, by 35 U.S.C. § 286, 287, and/or 288.

## VII. NO INJUNCTIVE RELIEF

112. To the extent IPT seeks injunctive relief for alleged infringement, the relief sought by IPT is unavailable because any alleged injury to IPT is not immediate or irreparable and because IPT has an adequate remedy at law for any alleged injury.

## COUNTERCLAIMS

## I. PARTIES

113. HP is a corporation organized under the laws of the State of Delaware and having a principal place of business at 3000 Hanover Street, Palo Alto, California.

114. IPT alleges that it is a corporation organized and existing under the laws of the State of Texas. Upon information and belief, IPT is headquartered at 1701 Director's Boulevard, Suite 300, Austin, Texas.

## II. JURISDICTION AND VENUE

115. These counterclaims arise under Title 35 of the United States Code. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

116. IPT is subject to personal jurisdiction in this district because IPT purports to be a corporation organized and existing under the laws of the State of Texas and IPT filed this action in this district.

117. To the extent this action remains in this District, venue is appropriate because IPT has consented to the propriety of venue in this case by filing this action in this district, in response to which these Counterclaims are asserted.

## III. FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT

118. HP restates its responses set forth above as if separately set forth herein.

119. HP counterclaims against IPT pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

120. In its Complaint, IPT alleges that HP is now and has been directly and/or indirectly infringing the ‘665, ‘153, ‘479, ‘028 and ‘233 patents and that these patents are valid, enforceable and were duly and legally issued.

121. An actual controversy exists between IPT and HP by virtue of the allegations of IPT’s Complaint and HP’s Answer as to the validity and noninfringement of the ‘665, ‘153, ‘479, ‘028 and ‘233 patents.

122. Contrary to IPT’s allegations, HP has not directly infringed or induced infringement of, either literally or under the doctrine of equivalents, willfully or otherwise, any valid claim of the ‘665, ‘153, ‘479, ‘028 or ‘233 patents.

123. The ‘665, ‘153, ‘479, ’028 and ‘233 patents are invalid for failing to meet the conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103, and 112 as alleged in paragraphs 84-85 above, which are incorporated herein by reference.

124. HP is entitled to judgment that HP does not infringe the ‘665, ‘153, ‘479, ‘028 and ‘233 patents, and that the patents are invalid.

## IV. PRAYER FOR RELIEF

WHEREFORE, HP prays for judgment as follows on IPT’s Complaint and on HP’s Answer, Affirmative Defenses, and Counterclaims:

A. That IPT's Complaint be dismissed with prejudice and that IPT take nothing;

B. That judgment be entered in favor of HP against IPT;

C. For entry of a Judgment declaring each and every claim of the '665, '153, '479, '028 and '233 patents invalid and not infringed, either directly or by inducement, by HP or by the use of its products or services;

D. That pursuant to 35 U.S.C. § 285 and/or other applicable laws, IPT's conduct be found to render this an exceptional case and that HP be awarded its attorneys' fees in connection with this action;

E. That IPT be required to pay HP's costs of suit;

F. That HP be awarded such other and further relief as the Court may deem just and proper.

Dated: February 13, 2015

Respectfully submitted,

*/s/ Edward R. Reines*
Edward R. Reines
edward.reines@weil.com
Sonal N. Mehta
sonal.mehta@weil.com
Evan N. Budaj
evan.budaj@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Audrey L. Maness, Bar No. 24060219
audrey.maness@weil.com
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1700
Houston, TX 77002
Tel: (713) 546-5000
Fax: (713) 224-9511

*Attorneys for Hewlett-Packard Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 13th day of February, 2015. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Karen A. Gotelli*
Karen A. Gotelli